**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERIS HERRERA-MACHADO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-73373 <br><br> Agency No. A098-653-360 <br><br> MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017**

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Deris Herrera-Machado, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009) and we deny the petition for review.

Substantial evidence supports the agency's conclusion that the harms Herrera-Machado suffered in Honduras as a gay man did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (petitioner who was teased, bothered, discriminated against, harassed, and never physically harmed failed to establish harm rising to the level of persecution). Thus, Herrera-Machado was not entitled to a rebuttable presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Herrera-Machado does not otherwise challenge the agency's determination that he failed to establish it is more likely than not he would be persecuted if returned. Thus, we deny the petition for review as to Herrera-Machado's withholding of removal claim.

Substantial evidence supports the agency's denial of CAT protection because Herrera-Machado failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the Honduran government. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**